DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIRK GAGE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1397

[April 26, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 16-014572-CF10A.

Clayton R. Kaeiser of Clayton R. Kaeiser, P.A., Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed.*

FORST, J., concurs.
CONNER, J., concurs with opinion.
GROSS, J., dissents with opinion.

CONNER, J., concurring.

I concede the collateral crime evidence presented by J.C.'s testimony is a close call in terms of the similarities to appellant's conduct toward the victim in this case. But I am satisfied that the trial court properly applied the legal principles for admitting collateral crime evidence in its consideration of J.C.'s testimony at a pretrial hearing and during trial. The pretrial order authorizing J.C.'s testimony is detailed in the trial court's discussion of similarities, and I cannot agree with the dissent that discretion was abused. And while one difference may be whether appellant "completed" a sexual assault on J.C., J.C. clearly testified appellant was

pulling her clothes off without her consent and she was fighting him, prompting him to beat her head against the pavement.

I share the dissent's concern about J.C.'s "killer" testimony. In my view, the state could have proven appellant's guilt without using J.C.'s testimony. Thus, given J.C.'s focus on appellant having pounded her head on the pavement, I encourage prosecutors to be extremely careful about using unnecessary collateral crime evidence.

GROSS, J., dissenting.

I dissent because I believe that the prejudicial impact of one of the two *Williams*[1] rule witnesses substantially outweighed its probative value under section 90.403, Florida Statutes (2020).

The main charge in this case was sexual battery. The victim met the defendant in a bar and ended up at his apartment. The defendant sexually assaulted her while she was passed out. The victim was upset because the defendant had taken photos of her on his phone. They struggled and he choked her and threw her out of his apartment.

*Williams* rule witness J.C. met the defendant outside of a bar. They shared an Uber that dropped them off at the defendant's apartment. J.C. refused to go inside. The defendant physically assaulted her and repeatedly banged her head into the concrete sidewalk. J.C. testified that she thought the defendant was trying to kill her. When a bystander approached, J.C. was able to get away, so no sexual assault was completed.

I find the charged crime and the J.C. incident to be insufficiently similar to justify the admission of J.C.'s testimony under the guidelines set forth in *McLean v. State*, 934 So. 2d 1248 (Fla. 2006). Also, the probative value of J.C.'s "killer" testimony was substantially outweighed by the danger of unfair prejudice under section 90.403.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).